**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:03-cr-00474-GMN-VCF |
| vs. ) | |
| ) | **ORDER** |
| FELIX ROMERO-PINEDA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Felix Romero-Pineda's ("Defendant's") Motion for Compassionate Release, (ECF No. 50).[1] Pursuant to this Court's General Order 2020-06, the Federal Public Defender's Office filed a Notice of Non-Supplementation to the Motion, (ECF No. 51), and the Government filed a Response, (ECF No. 52).

For the reasons discussed below, the Court **DENIES** Defendant's Motion for Compassionate Release.

**I.   BACKGROUND**

On September 22, 2004, Defendant pleaded guilty to one count of Possession of a Controlled Substance with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(i). (Mins. Proceedings, ECF No. 35); (J., ECF No. 39). On January 7, 2005, the Court sentenced Defendant to 240 months' imprisonment, to be followed by 10 years' Supervised Release with special conditions. (See Mins. Proceedings, ECF No. 38); (J., ECF No. 39). Defendant is presently in custody at the Victorville Medium I Federal Correctional Institution ("FCI Victorville"). (*See* Resp. 7:23–24, ECF No. 52). Defendant now petitions this Court for compassionate release.

---

[1] Defendant is also known as Alejandro Sanchez-Ramirez.

## II. LEGAL STANDARD

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), authorizes the sentencing court to modify a defendant's sentence in limited circumstances. 18 U.S.C. § 3582(c)(1)(A). The sentencing court may order compassionate release, "if after considering the factors set forth in 18 U.S.C. § 3553(a)," the defendant has demonstrated: (1) he has exhausted his administrative remedies; (2) "extraordinary and compelling reasons" warrant a reduction in his sentence, and (3) he is not "a danger to the safety of any other person or the community." 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.  Under United States Sentencing Guideline § 1B1.13, "extraordinary and compelling reasons" include, among other things, terminal illnesses and medical conditions "that substantially diminish[ ] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13.  The court may also consider "other reasons" including a "reason other than, or in combination with" a reason specifically provided in the Sentencing Guidelines. *Id.*  The decision to grant compassionate release is in the sentencing court's discretion. *See United States v. Wade*, 2:99-cr-00257-CAS-3, 2020 WL 1864906, at *5 (C.D. Cal. Apr. 13, 2020).

## III. DISCUSSION

The Government does not dispute that Defendant has exhausted his administrative remedies. (Resp. 3:24).  As such, the Court's analysis is limited to a discussion of whether Defendant has presented "extraordinary and compelling reasons" for his release.

Defendant seeks early release from custody because the COVID-19 pandemic poses a risk to his health; Defendant notes that he suffers from anxiety, chronic pain, wheezing, and shortness of breath. (Mot. Compassionate Release ("MCR") at 2, ECF No. 50).  However, none of these conditions are factors identified by the CDC that increase a person's risk for severe

illness from the virus that causes COVID-19. *See* People with Certain Medical Conditions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/ 2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 12, 2020). Further, the Sentencing Commission's relevant policy statements only consider a defendant's medical condition as an "extraordinary and compelling" reason for release when the defendant is suffering from: (1) a terminal illness; or (2) a serious physical or mental health condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correction facility and from which [he] is not expected to recover." *See* U.S.S.G. § 1B1.13.  Here, Defendant has not provided any evidence that he is suffering from a serious medical condition or that he is generally at a greater risk for severe illness due to COVID-19.

Additionally, Defendant claims release is warranted in this case because of "the outbreak of [the] COVID-19 virus on [FCI] Victorville's complex." (MCR at 2).  While FCI Victorville is currently reporting 101 inmates and 26 staff members with confirmed active cases of COVID-19, the number of infected inmates and staff members alone does not warrant Defendant's release. *See United States v. Eberhart*, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("a reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A)."); COVID-19 Cases, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Dec. 22, 2020).  Defendant presents no other circumstances supporting his request for compassionate release.

In sum, Defendant has not met his burden to show that "extraordinary and compelling reasons" warrant a reduction in his sentence because he failed to demonstrate that he is at a high risk of becoming severely ill from COVID-19.  Accordingly, the Court does not need to address whether Defendant's release would pose a danger to the community or any of the

factors set forth in 18 U.S.C. § 3553(a).  Defendant's Motion for Compassionate Release is denied.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release, (ECF No. 50), is **DENIED**.

**DATED** this __22__ day of December, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court